Timothy A. Pico (State Bar No. 180354)
tpico@marksonpico.com
Brett S. Markson (State Bar No. 157424)
bmarkson@marksonpico.com
MARKSON PICO LLP
444 S. Flower Street, Suite 2160
Los Angeles, CA 90071
Telephone: (213) 895-4000
Facsimile: (213) 785-1621

Attorneys for Defendant
LOVISA AMERICA, LLC,

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### (CENTRAL DISTRICT)

| | |
|---|---|
| REBECCA CASTILLO, an individual,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>LOVISA AMERICA, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>　　　　　　　　　Defendants. | CASE NO.  2:19-CV-9027<br><br>**DEFENDANT LOVISA AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 1441(a) and (b) (DIVERSITY)**<br><br>(Filed concurrently with Civil Case Cover Sheet; Notice of Interested Parties; Declarations of Chris Lauder and Shane Fallscheer) |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

　　　　PLEASE TAKE NOTICE that Lovisa America, LLC ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) & (b); and 1446 to remove this action from the Superior Court of California

1
DEFENDANT LOVISA AMERICA, LLC'S NOTICE OF REMOVAL OF ACTION

for the County of Los Angeles ("Los Angeles County Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

**SERVICE AND PLEADINGS FILED IN STATE COURT**

1. Plaintiff Rebecca Castillo ("Plaintiff") filed an unverified Complaint against Defendant on September 13, 2019 ("State Court Action") in the Superior Court of the State of California, County of Los Angeles entitled *Rebecca Castillo, an individual v. Lovisa America, LLC, a Delaware limited liability company, et al.,* Case No. 19 PSCV00831 (the "Complaint"). A true and complete copy of this Complaint, with the Proof of Service and Civil Case Cover Sheet and Addendum, is attached hereto as **Exhibit "A."**

2. Defendant was served with a copy of the Summons and Complaint in the State Court action on September 20, 2019.  (See Exhibit "A" (Proof of Service)).

3. In the Complaint, Plaintiff asserts a single cause of action against Defendant for Violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.  Specifically, the Complaint contends that Plaintiff was denied access to a website, allegedly owned and operated by Defendant, due to her encountering alleged accessibility barriers for blind or visually impaired individuals like Plaintiff when she attempted to use the website.  Plaintiff further alleges that she was "denied the goods and services that are offered and integrated with Defendant's brick-and-mortar locations and otherwise."  (See Exhibit "A" (Complaint, ¶30)).  Plaintiff further contends that the website's alleged inaccessibility to the blind and visually impaired violates the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.  (See Exhibit "A" (Complaint, ¶¶46-47)).

4. Through her Complaint, Plaintiff seeks (i) injunctive relief, requiring that Defendant expend no more than $50,000 in its efforts to make the website compliant and accessible for blind and visually-impaired individuals (Exhibit A, (Prayer), pg. 17); (ii) an award of statutory damages of $4,000 per violation pursuant to Civil Code

1  §52(a) (Exhibit A, (Prayer), pg. 18)[1];   (iii) an "additional award of $4,000 as deterrence damages (i.e., punitive damages) for each violation . . ." (Exhibit A, (Prayer), pg. 18); (iv) statutory attorney's fees and expenses. (Exhibit A, (Prayer), pg. 18).

5.  On October 21, 2019, Defendant filed its Answer to the Complaint in the State Court Action, making a general denial as permitted by California Code of Civil Procedure section 431.30(d), and asserting various affirmative defenses.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

6.  Exhibits "A," and "B" attached hereto constitute all the pleadings that have been filed in the State Court Action in this matter as of the date of the filing of this Notice of Removal.

## TIMELINESS OF REMOVAL

7.  This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of Plaintiff's Complaint.  *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. § 1446(b).

//
//

---

[1] Plaintiff states in the Complaint that the "total amount that Plaintiff seeks to for *(sic)* each and every offense shall not exceed $24,999." (Exhibit A, Complaint, 17:9-12)

**NOTICE TO ALL PARTIES AND STATE COURT**

8. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that copies of this Notice of Removal with all supporting pleadings will be promptly served on Plaintiff and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**DIVERSITY OF CITIZENSHIP**

9. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

10. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).

11. Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and currently, a resident and citizen of the State of California. (*See* Exhibit "A," Complaint, ¶7).

12. Defendant is a Limited Liability Company ("LLC") which was organized in Delaware. (**Exhibit "C"**-Copy of April 19, 2018 California Secretary of State Statement of Information for Lovisa America, LLC). However, courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company: "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." [*Cosgrove v. Bartolotta* (7th Cir. 1998) 150 F3d 729, 731; *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.* (8th Cir. 2004) 357 F3d 827, 829; *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F3d 894, 899].

13. Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. [*JMTR Enterprises, L.L.C. v. Duchin* (D MA 1999) 42 F.Supp.2d 87, 92-93; *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.* (10th Cir. 2015) 781 F3d 1233, 1237-1238—LLC "takes the citizenship of all its members.]

14. At the time the Complaint was filed in the State Court Action, and presently at the time of removal, each of Defendant's two managing members are Australian citizens. *See*, **Exhibit C**; and, (**Exhibit "D" collectively**-Declaration of Christopher Lauder ("Lauder Decl.") ¶6; Declaration of Shane Fallscheer ("Fallscheer Decl.") ¶6. Accordingly, Defendant is a citizen of Australia for diversity purposes.

15. Although the Complaint names "DOES 1-10, inclusive" as Defendants, "the citizenship of defendants sued under fictitious names [is] disregarded" in the removal analysis. 28 U.S.C. § 1441(b). And, Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint.

## AMOUNT IN CONTROVERSY

16. This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

17. The object of this litigation is injunctive relief "requiring Defendant to take the steps necessary to make *Lovisa.com* readily accessible to and usable by blind and visually impaired individuals . . ." (**Exhibit A,** Prayer, 17:3] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (internal quotations and citation omitted); see also *Gonzales*

1  *v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) ("This
2  amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the
3  cost of complying with an injunction, as well as attorneys' fees awarded under fee
4  shifting statutes.")

5  18.  As set forth in the Complaint, Plaintiff sets the cost of the injunctive
6  relief sought "[as] $50,000 or less." (**Exhibit A,** Complaint, ¶50; Prayer, pg. 18, ¶5).

7  19.  Plaintiff also seeks statutory damages of $4,000 for each alleged
8  violation of the Unruh Act but limits the amount of statutory damages sought to
9  $24,999.  (**Exhibit A,** Prayer, pg. 18, ¶5).

10  20.  Plaintiff attempts to avoid the jurisdiction of this court by limiting her
11  injunctive relief and statutory damages to a combined total of $74,499 (i.e., $50,000
12  + $24,999).  However, in determining whether the amount in controversy exceeds
13  $75,000, the Court must presume the plaintiff will prevail on each and every one of
14  her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal.
15  2002) 199 F.Supp. 993, 1001, *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31
16  F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff
17  prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146
18  ("the amount in controversy is not measured by the low end of an open-ended claim,
19  but rather by reasonable reading of the value of the rights being litigated").
20  Moreover, the argument and facts set forth herein may appropriately be considered
21  in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v.
22  Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, *citing Willingham v. Morgan* (1969)
23  395 U.S. 402, 407 n.3.

24  21.  Punitive damages must also be included in calculating the amount in
25  controversy.  *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785,
26  787.  *See also Aucina v. Amoco Oil Co.* (1994) 871 F. Supp. 332, 334.  Here, Plaintiff
27  seeks an "additional award of $4,000 as <u>deterrence damages</u> for each violation . . .
28  "(**Exhibit A,** Prayer, pg. 18, ¶6).  The Complaint describes Plaintiff's "separate visits"

to the website and "multiple access barriers" and itemizes at least 5 various violations she allegedly encountered. (**Exhibit A,** Complaint, pgs. 13-14).

22. Further, the amount in controversy must also include the statutory attorney's fees that Plaintiff seeks to recover through the California Unruh Civil Rights Act (codified at Civil Code §51 et seq.) *See*, *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will likely exceed $75,000 if the case proceeds to trial.

23. Thus, the relief sought by Plaintiff is summarized as follows:

| **Relief/Damages Sought** | **Amount** | **Source** |
|---|---|---|
| Injunctive Relief | $50,000 (value of work to make website compliant) | Prayer to Complaint, pg. 17 |
| Statutory Damages | $4,000/per violation [$24,499 total] | Prayer to Complaint, pg. 18 |
| Deterrence Damages (Punitive damages) | $4,000 per violation (at least 5 violations cited) [$20,000 total] | Complaint, pgs. 13-14; Prayer to Complaint, pg. 18 |
| Attorney's Fees | Est. in excess of $25,000 | Prayer to Complaint, pg. 18 |
| **TOTAL** | In excess of $100,000 | |

24. Taken together, the value of the injunctive relief sought by Plaintiff to make the Defendant's website compliant and accessible for the blind and visually-impaired, in addition to Plaintiff's potential recovery for statutory damages, punitive damages, and attorney's fees combine to be well in excess of the $75,000 jurisdictional minimum for diversity cases. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## DIVERSITY JURISDICTION IS SATISFIED

25. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and contentions set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

26. The notice of removal was filed within thirty (30) days of the September 20, 2019, date of service listed on Plaintiff's Proof of Service. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## VENUE IS PROPER

27. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California, Central Division, is the judicial district where the state action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

28. For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq*.

//
//

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Date: October 21, 2019

Respectfully submitted,

MARKSON PICO LLP

By: /s/ *Timothy Pico*
    Timothy Pico
    Brett S. Markson
    Attorneys for Defendant